IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDEE SIMPSON, | ) | CIVIL ACTION NO. 2:23-cv-106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BROWNSVILLE AREA | ) | |
| SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, BRANDEE SIMPSON, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in her employment on account of her disabilities, as guaranteed by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 ("ADA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

4. Pursuant to the violations described herein in Count I, this Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count II pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* 955.

5. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on disabilities on or about May 25, 2022;

   b. The EEOC issued a Dismissal and Notice of Rights dated October 26, 2022;

   c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## PARTIES

6. Plaintiff, Brandee Simpson, is an adult individual residing in Greene County, Pennsylvania.

7. Defendant, Brownsville Area School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 5 Falcon Drive, Brownsville, Pennsylvania 15417.

8. At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

9. Plaintiff has been employed by the Defendant since on or about July 7, 1999. Plaintiff currently holds the position of second-grade teacher.

10. On or about January 26, 2022, Plaintiff took a medical leave of absence from her position as a second-grade teacher in order to undergo neck surgery.

11. As part of the Plaintiff's recovery from that surgery, Plaintiff was unable to lift objects over ten (10) pounds.

12. Plaintiff was permitted by her physician to return to work on February 23, 2022, but was restricted from lifting more than ten (10) pounds for six (6) months.

13. One (1) week prior to her return to work, on or about February 16, 2022, Plaintiff's medical release paperwork was sent to the Defendant's principal, Frank Berdar ("Berdar").

14. That paperwork included the date that the Plaintiff was to return to work, as well as the Plaintiff's restriction from lifting over ten (10) pounds for six (6) months.

15. One (1) day prior to the Plaintiff's scheduled return to work, on or about February 22, 2022, Plaintiff was contacted by Mr. Berdar and informed that she was not permitted to return to work because the Defendant could not reasonably accommodate her medical restriction from lifting over ten (10) pounds.

16. Plaintiff's job position as a second-grade teacher does not require her to life more than ten (10) pounds.

17. Furthermore, other teachers employed by Defendant have been permitted to return to work with medical restrictions and/or reasonable accommodations.

18. By way of example, another teacher was previously permitted to return to work with a scooter after undergoing surgery.

19. Other teachers have also returned to work for the Defendant with casts, boots and/or wheelchairs.

20. On or about April 4, 2022, Defendant accused the Plaintiff of abandoning her position, despite the Plaintiff's attempts to return to work for the remainder of the school year and the Defendant's refusal to allow her to return.

21. Plaintiff was not permitted by the Defendant to return to her position for the remainder of the 2021-2022 school year.

22. Defendant also denied the Plaintiff's request for a medical sabbatical.

23. Plaintiff believes, and therefore avers, that she was discriminated against by the

Defendant based on her disability and/or perceived disability due to her neck surgery and need for a reasonable accommodation, as more fully described hereinbefore above.

24. As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially, professionally and emotionally.

## COUNT I:

## PLAINTIFF v. DEFENDANT

## AMERICANS WITH DISABILITIES ACT

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth at length herein.

26. This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of disabilities and/or perceived disabilities with respect to her ability to perform the necessary functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of disabilities or perceived disabilities.  This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

27.     Plaintiff, believes and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of disabilities or perceived disabilities in that she was discriminated against when Defendant failed to accommodate Plaintiff's disabilities.

28.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

29.     The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendant without discrimination constitute a violation of the ADA.

30.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

      WHEREFORE, Plaintiff requests the following:

          a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

          b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

  c.  that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

  d.  that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation of the ADA;

  e.  that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

  f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT

<u>PHRA</u>

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32. Defendant's actions in subjecting the Plaintiff to discrimination based on her disabilities were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

33. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

34. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

b. that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of PHRA;

c. that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                s/ Joel S. Sansone
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                Elizabeth A. Tuttle, Esquire
                PA ID No. 322888
                *Counsel for Plaintiff*

                Law Offices of Joel Sansone
                Two Gateway Center, Suite 1290
                603 Stanwix Street
                Pittsburgh, Pennsylvania 15222

Dated:  January 20, 2022